632 N.W.2d 496 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Tiya MANNING, Defendant-Appellant.
No. 118607, COA No. 224898.
Supreme Court of Michigan.
July 20, 2001.
On order of the Court, the application for leave to appeal from the December 15, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should now be reviewed by this Court.
KELLY, J., dissents and states as follows:
I would grant leave in this case because the eighty-one-hour delay between arrest and arraignment violates a clear rule established by the United States Supreme Court. In Riverside Co. v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the Court held that failure to provide a judicial determination of probable cause within forty-eight hours of arrest is presumed unreasonable. The only evidence that the prosecution offered to rebut the presumption was that it prepared an incomplete warrant package and made a miscommunication because of a shift change. In my opinion, these facts do not justify an eighty-one-hour delay in arraigning defendant.
Despite evidence that defendant volunteered her confession, this "voluntary" gesture cannot be severed from the circumstances under which it arose. Defendant might be guilty. On the other hand, she could be innocent and could have confessed out of fear that she could achieve her release by no other means.
Indeed, the rule of Riverside exists to discourage the police from holding an accused too long, subjecting her to the pressure of incarceration, to coerce a confession. Because this case demonstrates a plain violation of the bright-line Riverside rule, I would grant leave to consider defendant's due process claim or peremptorily reverse.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.